UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:                                                                    Chapter 7

Miguel Andrade and Jessica Andrade                     Case No. 10-42877


                                                          Debtors.
------------------------------------------------------------x

------------------------------------------------------------x
In re:                                                                    Chapter 7

Maria Alaimo                                                       Case No. 07-46595


                                                          Debtor.
------------------------------------------------------------x

**MEMORANDUM OF DECISION ON MOTION TO APPROVE THE SETTLEMENT OF MIGUEL ANDRADE'S PERSONAL INJURY ACTION AND MOTION TO APPROVE THE SETTLEMENT OF MARIA ALAIMO'S MEDICAL MALPRACTICE ACTION**

JOEL B. ROSENTHAL
United States Bankruptcy Judge

These matters come before the Court on 1) a Motion to Approve the Settlement of Miguel Andrade's Personal Injury Action in the Amount of $72,500 and Authorizing the Trustee to Disburse the Sum of $3,891.73 to Plaintiff Funding Corporation d/b/a Law Cash ("Law Cash") (Docket No. 24) and 2) a Motion to Approve the Settlement of Maria Alaimo's Medical Malpractice Action in the Amount of $850,000 and Authorizing the Trustee to Disburse the Sum of $37,571.34 to Peachtree Pre-Settlement Funding ("Peachtree") (Docket No. 19).  For the reasons set forth below, the portions of the motions that request authority to disburse funds to Law Cash and Peachtree are denied.

## JURISDICTION

The Court has jurisdiction over these core proceedings under 28 U.S.C. §§ 1334 and 157(b)(2) and the Eastern District of New York Standing Order of reference dated August 28, 1986. This Decision and accompanying Orders constitute the Court's findings of facts and conclusions of law required by Fed. R. Bankr. P. 7052.

## FACTS

The following relevant facts are undisputed:

### In re Miguel Andrade

On December 11, 2007, Miguel Andrade ("Andrade") was injured in a motor vehicle accident and a demand for an uninsured motorist arbitration was served on MetLife Auto and Home ("MetLife") on November 12, 2008 (the "Andrade Lawsuit"). On September 11, 2008, Andrade entered into an agreement with Law Cash whereby Andrade assigned a portion of his future interest in the proceeds of his action (the "Law Cash Assignment") for a sum of $1,250 which included $250 in case monitoring and applications fees (the "Amount Advanced to Andrade"). Pursuant to the Law Cash Assignment, if the Andrade Lawsuit was successful Law Cash would be entitled to a portion of the future proceeds of the Andrade Lawsuit in an amount up to the Amount Advanced to Andrade plus a monthly use fee as a charge in an amount equal to 3.15% monthly of the Amount Advanced to Andrade.

On April 2, 2010, Miguel and Jessica Andrade filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. On May 21, 2010, MetLife offered to settle Andrade's Lawsuit for $72,500. On July 26, 2010, the Chapter 7 Trustee (the "Andrade Trustee") moved to approve the settlement of the Andrade Lawsuit and award Law Cash $3,891.39 out of the proceeds of the action (the "Law Cash Distribution"). The Court held a hearing on the Andrade

Trustee's motion and approved the settlement of the Andrade Lawsuit, but did not rule on the Law Cash Distribution. The Court ordered Law Cash to file a memo setting forth the legal basis for its claim of an interest in the proceeds of the settlement of the Andrade Lawsuit.

**In re Maria Alaimo**

Maria Alaimo ("Alaimo") was injured as the result of a negligently performed medical procedure which occurred on March 8, 2003. On September 7, 2005, Alaimo commenced an action in the Supreme Court, Richmond County, under Index No. 102619/2005 against a physician (the "Alaimo Lawsuit"). Between August 8, 2006 and May 15, 2007 Alaimo entered into four agreements with Peachtree whereby Alaimo assigned a portion of her future interest in the proceeds of her action (the "Peachtree Assignments") for a total of $28,500 which included $1,000 in document processing fees (the "Amount Advanced to Alaimo"). Pursuant to the Peachtree Assignments, if the Alaimo Lawsuit was successful Peachtree would be entitled to a portion of the future proceeds of the Alaimo Lawsuit in the Amount Advanced to Alaimo plus costs calculated as 10% of the Amount Advanced to Alaimo for every six months, or portion of six months thereof, from the date of the assignment until the date Peachtree is paid.

On November 29, 2007, Alaimo filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. On July 15, 2010 Alaimo received an offer to settle the Alaimo Lawsuit for $850,000. On August 24, 2010, the Chapter 7 Trustee (the "Alaimo Trustee") moved to approve the settlement of the Alaimo Lawsuit and award Peachtree $37,571.34 (the "Peachtree Distribution"). The Court held a hearing on the Alaimo Trustee's motion and approved the settlement of the Alaimo Lawsuit, but did not rule on the Peachtree Distribution. The Court ordered Peachtree to file a memo setting forth the legal basis for its claim of an interest in the proceeds of the settlement of the Alaimo Lawsuit.

**DISCUSSION**

Both Andrade and Alaimo commenced their lawsuits and received funds in exchange for a partial assignment of their interest in the future proceeds of their pending lawsuits prior to filing their Chapter 7 bankruptcies. After Andrade and Alaimo filed petitions for Chapter 7 relief, the Alaimo Lawsuit and the Andrade Lawsuit were settled. The issues before the Court are to determine what type of claims, if any, Law Cash and Peachtree have in the Andrade and Alaimo bankruptcy cases and whether the Court should approve the Law Cash and Peachtree Distributions.

The Peachtree and Law Cash Assignments attached as liens on the judgments when the respective lawsuits were settled. The assignment of the future proceeds of a lawsuit operates as a future lien which only comes into existence when a judgment is entered. Dunlap-McCuller v. Riese Org., 1995 WL 42241, at *1 (S.D.N.Y. 1995) (citing Aponte v. Maritime Overseas Corp., 300 F.Supp 1075, 1077 (S.D.N.Y. 1969); In re Modell, 71 F.2d 148 (2d Cir. 1934)); See Also In re Mucelli, 21 B.R. 601, 604 (Bankr. S.D.N.Y. 1982) (an assignment of proceeds in a personal injury action attaches to the judgment recovered, once recovered). The assignee's lien comes into existence **only** when a judgment is entered or a settlement is reached and the **lien does not relate back to the date of the assignment**. Law Research Serv. v. Martin Lutz Appellate Printers, 489 F.2d 836, 838 (2d Cir. 1974) (citing Okin v. Isaac Goldman Co., 79 F.2d 317, 319 (2d. Cir. 1935) (emphasis added).

The facts in Dunlap are closely analogous to the facts of Andrade and Alaimo's cases. In Dunlap the debtor assigned the proceeds of a lawsuit pre-petition. Dunlap-McCuller v. Riese Org., 1995 WL 42241, at *1. The lawsuit was settled post-petition and the trustee made a demand for the turnover of the proceeds of the lawsuit. Id. The Court in Dunlap held that the

assignees had no lien on the proceeds of the lawsuit and pursuant to Section 541 of the Bankruptcy Code the proceeds of the lawsuit were determined to be property of the estate. Id.; See Also In re MarketXT Holdings Corp., 336 B.R. 67, 71 (S.D.N.Y. 2006) (holding that any amounts to be received pursuant to a pre-petition lien held on the proceeds of a lawsuit that was settled post-petition would be property of the bankruptcy estate).

In its pleading, Law Cash cited a tentative unpublished ruling of a California Bankruptcy Court interpreting New York law. In re Bertucci, Case No. 2:07-bk-21563 (Judge Neiter) (Bankr.C.D.Cal.2010). In Bertucci the Court found that the lien related back to the date of assignment and not to the date on which the lawsuit was settled and therefore the proceeds of the lawsuit never became a part of the bankruptcy estate. The Court in Bertucci cited Law Research Serv. v. Martin Lutz Appellate Printers, 489 F.2d 836, 838 (2d Cir. 1974) for this proposition. This Court respectfully disagrees with the Bertucci Court. In Law Research when the assignment was made the lawsuit had already been reduced to judgment and therefore the lien attached at the point of assignment. Id. In Bertucci, however, the lawsuit in question had not been settled or reduced to judgment at the time of the assignment and therefore the lien would not have attached until the lawsuit was settled and therefore the Bertucci Court's reliance on Law Research is unfounded.

In the present cases before the Court, the Alaimo Lawsuit and Andrade Lawsuit were settled **after** the debtors filed a petition for relief under Chapter 7 of the Bankruptcy Code. Therefore, the Peachtree and Law Cash Assignments did not become liens until after the Alaimo and Andrade bankruptcy petitions were filed. Pursuant to 541(a) of the Bankruptcy Code the bankruptcy estate consists of all legal or equitable interests of the debtor in property as of the commencement of the case and any interest in property that the estate acquires after the

commencement of the case. 11 U.S.C §§ 541(a)(1), 541(a)(7). Thus, the proceeds of the Andrade and Alaimo Lawsuits became property of the respective bankruptcy estates when the debtors commenced their bankruptcy cases. As the Law Cash and Peachtree Assignments did not attach as liens until after Alaimo and Andrade filed for protection under Chapter 7 of the Bankruptcy Code, the Law Cash and Peachtree Distributions are deemed to be unsecured claims. The Law Cash and Peachtree claims, if filed, shall be dealt with as part of the usual claims administration process. The Court hereby grants Law Cash and Peachtree until February 15, 2011 to file proofs of claims in the respective bankruptcy cases.

As the Court has determined that the claims, if any, are unsecured at best, the Court needs not reach the issue of whether the Peachtree and Law Cash Assignments constitute loans and whether they are subject to New York Usury Laws.

## CONCLUSION

For the foregoing reasons, the portion of the Motion to Approve the Settlement of Miguel Andrade's Personal Injury Action (Docket No. 24) that requests authority to disburse $3,891.73 to Law Cash is denied and the portion of the Motion to Approve the Settlement of Maria Alaimo's Medical Malpractice Action (Docket No. 19) that requests authority to disburse $37,571.34 to Peachtree is denied.

Separate orders will issue.



Dated: December 21, 2010  
Brooklyn, New York

Joel B. Rosenthal  
United States Bankruptcy Judge